1  Eliot Teitelbaum, Esq. (State Bar No. 164858)
   Koorenny & Teitelbaum, LLP
2  11911 San Vicente Boulevard, Suite No. 265
3  Los Angeles, California 90049
   Telephone: (310) 440-5276
4  Facsimile:  (310) 440-5277
5  eliot@ktcounsel.com or etktlaw@yahoo.com
6  Attorneys for Defendant/Counter-claimant
7  MAX GROUP CORPORATION

8  Mark R. Figueiredo, Esq. (State Bar No. 178850)
9  STRUCTURE LAW GROUP, LLP
   1754 Technology Drive, Suite 135
10 San Jose, California  95110
11 (408) 441-7500
12 (408) 441-7501 fax
13 mrf@structurelaw.com
   Attorneys for Plaintiff and Counterdefendant
14 UNIHAN CORPORATION

15

16               UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
17

18 UNIHAN CORPORATION,              ) Case No.: CV 09-07921 MMM (RCx)
   incorporated under the laws of the )
19 Republic of China (Taiwan),      )
20                                   ) STIPULATED PROTECTIVE
21                       Plaintiff,  ) ORDER
22         v.                        )
                                     ) Action Filed:    October 29, 2009
23 MAX GROUP CORPORATION, a          ) Discovery Cut-Off: January 21, 2011
24 California corporation,           ) Motion Cut-Off: April 4, 2011
25                                   ) Trial Date:  May 31, 2011
                        Defendant.   )
26 _____)
27 MAX GROUP CORPORATION, a          )
28 California corporation,           )
                                     )
                   Counterclaimant,  )
                                     )

v.                                              )
                                                )
UNIHAN CORPORATION,                             )
incorporated under the laws of the             )
Republic of China (Taiwan),                    )
                                                )
                   Counterdefendant.           )
                                                )

---

In order to preserve and maintain the confidentiality of certain documents and information to be produced or otherwise made available by the parties or any third parties in this action, Unihan Corporation and Max Group Corporation (hereafter, the "parties") agree and hereby request the Court to enter the following Stipulated Protective Order (the "Protective Order"):

1.      Each party may be asked to produce information and/or documents that such party contends are proprietary, confidential and/or reflect business trade secrets.  The parties agree that such material reflecting the proprietary, confidential and/or trade secret information shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by this Stipulated Protective Order (the "Protective Order").

2.      The Protective Order governs the treatment and handling of all confidential information and documents including depositions, deposition exhibits, answers to interrogatories, responses to requests for admissions and other written, recorded or graphic matter ("Designated Material") produced by or made available by one party to any other party or by any third parties in this action, pending in the Central District of California, Case No. CV09-7921  MMM RCx ("the Action").

3.      All documents or information furnished by a party which it contends is confidential, privileged, proprietary, technical and/or trade secret information shall be designated "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" under this Protective Order.  The labeling of a document shall be placed on the document in a manner that will not interfere with its legibility.  Labeling the document as "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" on the first page will be sufficient to include all pages of the document within the Protective Order.

4.      Subject to the limitations set forth in this Protective Order, Designated Materials may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of information the Designating Party in good faith believes is confidential, significantly sensitive, which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, and/or which is protected by the right to privacy guaranteed by the Federal Constitution, or any applicable State law or Constitution.

5.      Subject to the limitations set forth in this Protective Order, a designation of "ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has significant competitive value and which, if disclosed to the requesting party or third parties, could cause competitive harm to the Designating Party.  Such information must not be generally known to third parties or the public and is limited to information that the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.  Information may also be designated "ATTORNEYS AND CONSULTANTS ONLY" if the Designating Party believes in good faith that the information is significantly sensitive and is protected by the right to privacy guaranteed by the laws of the federal Constitution or any applicable State law or Constitution.

6.      With respect to deposition testimony, the designation of "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY", subject to the Protective Order, may be made on the record at the time of the deposition at which time the testimony shall be subject to the full protection of this Protective Order.  In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receipt of the transcript of the deposition, notify the parties that the deposition testimony contains Designated Material, in which case the testimony shall be subject to the full protections of the Protective Order.  Until the expiration of the aforementioned ten day period, all deposition transcripts and the information contained therein shall be deemed "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" subject to the Protective Order.

7.      Materials designated CONFIDENTIAL may be disclosed only to the following:

(a)      Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof and any Outside Counsel of such author, addressee or recipient that has become counsel of record in the Action or has agreed to the terms of this Protective Order and to be subject to the jurisdiction of the Court in the Action for the purposes of enforcing the rights and obligations contained in, and remedies arising, from this Protective Order.  Any such review of materials designated CONFIDENTIAL pursuant to this Protective Order must be in the presence of and under the supervision of Outside Counsel and all originals and any copies shall remain exclusively in the possession of Outside Counsel.  Further, any written notes, compilations or reviews of materials designated CONFIDENTIAL made by persons failing under this subsection shall remain in the possession of Outside Counsel;

(b)      "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, agents (including stenographic,

videographic and support personnel) and employees of counsel of record, except for agents who have been retained or employed by Outside Counsel as Outside Consultants to assist in the preparation of this Action) for the parties to this action to the extent reasonably necessary to render professional services in this Action. Unless otherwise expressly provided through stipulation or order, Outside Counsel shall include only the law firms of Koorenny & Teitelbaum LLP on behalf of Max Group Corporation and Structure Law Group LLP on behalf of Unihan Corporation. Upon the filing of a document associating or substituting counsel as counsel of record for a party in this Action, such counsel shall also qualify as Outside Counsel under this subsection, provided that any counsel that has withdrawn as counsel of record for any party confirms in writing to all other counsel of record that it is no longer in possession of any Designated Material, with the exception of pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes, and provided that the new counsel of record stipulates to be bound by the terms and obligations of this Protective Order;

(c)     "Outside Consultants" including non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of, and/or to provide testimony in the case, to the extent reasonably necessary to render professional services in this Action;

(d)     The parties to this action and their officers, directors and/or employees of the Parties to this Protective Order not to exceed 5 in number, on a reasonably necessary basis, provided that no Party or any representative thereof may receive any Designated Material without having first executed a certification in the form of Exhibit A hereto ("Party Designee").  In the event that any Party Designee ceases to be an officer, director and/or employee of that party, the party shall be responsible for ensuring that the Party Designee does not retain any CONFIDENTIAL materials;

(e)     Designated Material marked "CONFIDENTIAL" may also be shown to witnesses at deposition or trial, and to the Court and Court personnel; and

(f)     Vendors with whom Outside Counsel of record for the parties to this Action have contracted for clerical functions, such as copying of documents or preparation of exhibits.

(g)     The Court, Magistrate Judge and court personnel.

8.     Except as authorized in this Section, materials Designated "ATTORNEYS AND CONSULTANTS ONLY" may not be disclosed to the parties to this Action, to in-house counsel, if any, or to the officers, directors, or employees of the parties hereto.   Materials marked ATTORNEYS AND CONSULTANTS ONLY- may only be reviewed by or disclosed to:

(a)     Persons who appear on the face of Designated Materials marked ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof, and any Outside Counsel of such author, addressee or recipient that has become counsel of record in the Action or has agreed to the terms of this Protective Order and to be subject to the jurisdiction of the Court in the Action for the purposes of enforcing the rights and obligations contained in, and remedies arising, from this Protective Order.   Any such review of materials designated ATTORNEYS AND CONSULTANTS ONLY pursuant to this Protective Order must be in the presence of or under the supervision of Outside Counsel and all originals and any copies shall remain exclusively in the possession of Outside Counsel.   Further, any written notes, compilations or reviews of materials designated ATTORNEYS AND CONSULTANTS ONLY made by persons falling under this subsection shall remain in the possession of Outside Counsel;

(b)     Outside Counsel for the parties to this Action and in-house Counsel of a party who has no involvement in competitive decision-making [*see Brown Bag Software v. Symantec Corp*. 960 F.2d 1465], to whom disclosure is reasonably necessary for this litigation, and who has signed the "Agreement to Be

Bound by Protective Order" (Exhibit A).  Access by In-House Counsel to materials designated ATTORNEYS AND CONSULTANTS ONLY must be limited to the offices of Outside Counsel, and such counsel may not take notes or copies of such Designated Materials;

       (c)    Outside Consultants to the extent reasonably necessary to render professional services in this Action;

       (d)    Designated Material marked "ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition and trial, and the Court and Court personnel; and

       (e)    Vendors with whom Outside Counsel of record for the parties to this Action have contracted for clerical functions, such as copying of documents or preparation of exhibits.

       (f)    The Court, Magistrate Judge and court personnel.

    9.    Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certification shall be in the form attached as Exhibit A hereto. Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certification, promptly provide a copy to counsel who has retained him/her and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action.

    10.    Designated Materials may not be shown or revealed to persons other than those described in Paragraphs 8 and 9, and subparagraphs thereto, above until (i) the undersigned attorneys have advised such persons that the Designated Material and information are confidential and are subject to the Protective Order

and (ii) such persons have agreed in writing to be bound by the terms of the Protective Order.

11.   Notwithstanding the above, Designated Materials may not be shared with any competitors or others who would exploit it for their own economic gain.

12.   Pursuant to Local Rule 79-5, in the event that counsel for any party determines to file with or submit to this Court any Designated Material designated "produced under Protective Order" or information derived therefrom (by way of pleadings, motions, briefs or other papers containing or making reference to such material or information), such documents shall not be filed under seal without prior approval from the Court.  Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

13.   The parties reserve their right to challenge the propriety of the designation of a given document as "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY".  If any party elects to challenge in good faith the designation of confidentiality of any document or information pursuant to and as contemplated by the Protective Order, the parties shall notify the producing party of its challenge and the rationale supporting that challenge in writing.  Pursuant to Local Rule 37-1, within ten (10) days of the receipt of such written notice, during

STIPULATED PROTECTIVE ORDER

which time the parties shall meet and confer in good faith to resolve the dispute, producing party must either voluntarily remove the "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" designation, or advise the challenging party that it will not remove the "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" designation.  Pursuant to Local rule 37-2, if counsel are unable to settle their differences, they shall formulate a written stipulation. The stipulation shall be filed and served with the notice of motion.  All documents, testimony or other materials designated by a producing party as "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" shall retain their confidential status until such time as this Court enters an order otherwise.  The parties shall comply with Local Rules 37-1 and 37-2 when attempting to resolve any disputes over the designation of a given document as "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY".

14.     Any privilege which would otherwise be applicable to the Designated Material being produced is not waived by the production of such material, and all parties are free to object to the admissibility of such Designated Material at trial on the grounds of any such privilege.  Furthermore, this production will not bar the assertion of any such privilege at a later date with respect to similar or related materials.   Further, neither this Order nor the designation of any item as confidential shall be construed as an admission that such material, or any testimony with respect to such material in a deposition or otherwise, would be admissible as evidence in this litigation or in any other proceeding.

15.     Nothing in this Protective Order shall limit any designating party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

STIPULATED PROTECTIVE ORDER

16.     If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

17.     If any party receives information, materials and/or discovery responses, which it reasonably believes was inadvertently produced without legend, it shall promptly advise the producing party by facsimile and U.S. Mail.  The producing party shall have ten [10] calendar days in which to legend said information, materials and/or discovery responses.  During this ten [10] day period, counsel for the receiving party shall treat said information, materials and/or discovery responses as if designated ATTORNEYS AND CONSULTANTS ONLY.

18.     The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs, shall not apply as to:

(a)     Any information which at the time of the designation under this Protective Order is available to the public;

(b)     Any information which after designation under this Protective Order becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel;

(c)     Any information which the receiving party, its counsel, or any recipient of designated material under this Protective Order can show as a matter of written record was already known to the receiving party through means other than any violation of law.

19.     Inadvertent production of materials without the appropriate designation shall not, by itself, be deemed a waiver in whole or in part of the producing party's claim of confidentiality or secrecy, either to the specific information disclosed or as

to any other information relating thereto or on the same or related subject matter. However, failure to take prompt or appropriate action to rectify any inadvertent production within a reasonable time after materials are produced without designation may, in appropriate circumstances, result in a loss of confidentiality or secrecy.

20.    If a third party is required, by subpoena or court order, to provide documents or information that it considers "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY", the third party may request to receive the protections provided by this Protective Order, either by giving notice to all parties in writing of its intent to seek such protection or by designating and marking documents and information it produces in a manner required by this Protective Order.  Designated third-party documents and information shall be given the same protection under this Order as documents and information produced by the parties.

21.    Within ninety (90) days of the conclusion of the litigation against all parties, the parties shall return all documents and materials produced to them or others pursuant to the terms of the Protective Order, and all copies, however maintained, shall be returned to counsel of record for the producing party.

22.    Following termination of this litigation, the provisions of the Protective Order relating to the designation of protected documents and information shall continue to be binding, except with respect to documents or information which are no longer designated "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY".

Approved and agreed to:

1    Dated: November 16, 2010                Structure Law Group LLP

2
                                             By:  /s/
3                                                 Mark R. Figueiredo

4                                            Attorneys for
                                             UNIHAN CORPORATION
5

6
     Dated: November 16, 2010                Koorenny & Teitelbaum, LLP
7

8                                            By:  /s/
                                                  Eliot Teitelbaum
9

10                                           Attorneys for
                                             MAX GROUP CORPORATION
11

12   APPROVED AND SO ORDERED:

13

14
     Dated: _November 17, 2010_              _/S/ Rosalyn M. Chapman____
15                                           United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

## **CERTIFICATION RE: MATERIAL COVERED BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Central District of California, in the case entitled *Unihan Corporation v. Max Group Corporation;* No. 09-07921 MMM (RCx).

I understand the terms of the Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Central District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not disclose Designated Materials to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials that come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.


Name of Individual:

Company or Firm:

Address:

Telephone No.:

Relationship to this Action and parties:

Date:

Signature:

STIPULATED PROTECTIVE ORDER

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Central District of California, in the case entitled *Unihan Corporation v. Max Group Corporation*; No. 09-07921.

I certify that I am not employed by or affiliated with a competitor of any person or entity currently a party (as of the time of the execution of this Certification) to this Action.  If at any time after I execute this Consultant Certification and during the pendency of this Action I become engaged in business as a competitor of any person or entity currently a party to this Action, I will promptly inform the counsel for the party who retained me in this Action, and I will not thereafter review any Designated Materials unless and until the Court in this Action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.


Name of Individual:

Company or Firm:

Address:

Telephone No.:

Date:

Signature: